IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIGOZIE ACHEBE, | : | Civil No. 4:18-CV-01188 |
| Plaintiff, | : | |
| v. | : | |
| BLOOMSBURG UNIVERSITY OF PENNSYLVANIA, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

   This is an employment discrimination case that is currently before the court on Defendant's motion for summary judgment. For the reasons that follow, the motion is granted.

### PROCEDURAL HISTORY

Plaintiff Chigozie Achebe ("Achebe") initiated this case through the filing of a complaint on June 11, 2018. (Doc. 1.) In the complaint, Achebe, a former employee of Defendant Bloomsburg University of Pennsylvania ("Bloomsburg" or "the university"), alleges that she was subjected to employment discrimination in violation of federal law. (*Id.*) She raises claims under Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act ("ADEA"); 42 U.S.C. § 1981; and 42 U.S.C. § 1983. (*Id.*) Bloomsburg answered the complaint on September 28, 2018. (Doc. 7.)

1

Following the end of discovery, Bloomsburg filed the instant motion for summary judgment on November 30, 2020, along with a supporting brief and a statement of material facts.  (Docs. 37, 41–42.)  Achebe filed a brief in opposition to the motion, along with a response to the statement of material facts and a counter-statement of material facts on December 30, 2020.  (Docs. 45, 46, 46-3.)  Bloomsburg filed a reply brief and a response to Achebe's counter-statement on February 3, 2021.  (Docs. 50–51.)  In its reply brief, Bloomsburg additionally argues that Achebe's counter-statement of material facts should be stricken from the record because it does not comply with the Local Rules of this district.  (Doc. 50, pp. 12–13.)  With briefing on the motion for summary judgment having concluded, it is now ripe for the court's disposition.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then

oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## MATERIAL FACTS

In May 2015, Achebe was employed by Bloomsburg as an assistant professor and served as the university's director of the Act 201 program. She was the only African American director in her department, though her supervisor, Scott Richardson, was also African American. (Doc. 42, ¶¶ 5, 6; Doc. 45, ¶¶ 5, 6.)

Achebe thought that Richardson was a bad manager because he was outspoken, negative, disrespectful, aggressive, and arrogant. (Doc. 42, ¶ 7; Doc. 45, ¶ 7.)

While Achebe was employed by Bloomsburg, Richardson reassigned some of her duties to white staff members. (Doc. 42, ¶ 8; Doc. 45, ¶ 8.) Richardson also directed Achebe to meet with him regularly, first on a weekly basis and then on a daily basis, and requested that Achebe send him courtesy copies of her emails. (Doc. 42, ¶¶ 12–13; Doc. 45, ¶¶ 12–13.) Achebe believed that such treatment by Richardson was an attempt by Richardson to make her look incompetent and believed that this was motivated by her age and race. (Doc. 42, ¶¶ 18–19; Doc. 45, ¶¶ 18–19.)

During the course of her employment, Achebe inadvertently included some students' social security numbers in an email that should not have contained such information. (Doc. 42 ¶ 15; Doc. 45, ¶ 15.) In addition, after having a meeting with Dr. Richardson that upset her, Achebe failed to appear at a conference at which she was scheduled to appear in March 2017, instead going home without notifying anyone that she would not be attending the conference. (Doc. 42, ¶ 16; Doc. 45, ¶ 16.)

Achebe filed a grievance with the university's Department of Equity and Accommodation on October 17, 2017. (Doc. 42, ¶ 20; Doc. 45, ¶ 20.) The department advised her to file a grievance with her labor union, and she

subsequently did so.  (Doc. 42, ¶ 21; Doc. 45, ¶ 21.)  Achebe later filed a complaint with the Pennsylvania Human Relations Commission and the federal Equal Employment Opportunity Commission in January 2018.  (Doc. 42, ¶ 22; Doc. 45, ¶ 22.)  Achebe's employment with Bloomsburg ended in May 2018, and Richardson's employment with the university ended in August 2018.  (Doc. 42 ¶¶ 24–25; Doc. 45 ¶¶ 24–25.)

## DISCUSSION

### A. Achebe's Counter-Statement of Facts Is Stricken from the Record

At the outset, the court will address Bloomsburg's argument that Achebe's counter-statement of material facts should be stricken from the record because it does not comply with the Local Rules.  Under Local Rule 56.1, the party opposing a motion for summary judgment is required to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs" in the moving party's statement of material facts.  M.D. Pa. L.R. 56.1.  The rule does not permit a non-moving party to file an additional statement of material facts that does not respond to the moving party's statement.  *See, e.g.*, *Farmer v. Decker*, 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018) (disregarding non-movant's additional statement of facts for non-compliance with Local Rule 56.1); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (noting that a separate statement that is not responsive to movant's statement "is neither contemplated nor permitted by

the Local Rules"); *see also, e.g.*, *Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 87 (3d Cir. 2019) (upholding district court's decision to strike counter-statement of facts under Local Rule 56.1). Accordingly, the court will disregard Achebe's counter-statement of material facts because it does not comply with Local Rule 56.1.

### B. Defendant Is Entitled to Summary Judgment as to Achebe's ADEA and § 1983 Claims Because Achebe Concedes Those Claims

Turning to the merits of Defendant's motion for summary judgment, the court will first address Achebe's claims under the ADEA and 42 U.S.C. § 1983. Defendant has moved for summary judgment as to both of those claims, *see* Doc. 41, pp. 2–4, and Achebe concedes in her opposition brief that Defendant should be granted summary judgment as to both claims. (*See* Doc. 46, p. 2 ("Plaintiff is not proceeding with her causes of action under the ADEA or 42 U.S.C. § 1983.").) Accordingly, the court will grant Defendant summary judgment as to the ADEA and § 1983 claims.

### C. Defendant Is Entitled to Summary Judgment as to Any Retaliation Claims or Claims Based on Achebe's Termination

Although Achebe raises several arguments at the summary judgment stage pertaining to retaliation claims and claims based on her termination from Bloomsburg, Defendant is entitled to summary judgment as to those claims because they were not raised in Achebe's complaint.

The scope of a case is defined by the plaintiff's complaint. *Two Two v. NAPA Transp., Inc.*, No. 1:17-CV-02222, 2020 WL 5370039, at *7 (M.D. Pa. Sept. 8, 2020) (citing *State of Nebraska v. State of Wyoming*, 515 U.S. 1, 8 (1995)). "Accordingly, a complaint must give defendants 'fair notice' of what claims a plaintiff is raising against the defendants and the grounds upon which the claims rest." *Id.* (quoting *Carpenters Health v. Mgmt. Resource Sys. Inc.*, 837 F.3d 378, 384 (3d Cir. 2016)).

In this case, Achebe's Title VII and § 1981 claims are based on a hostile work environment theory. There are no allegations in the complaint pertaining to any retaliation claims or claims based on Achebe's termination, nor are there any such claims raised in the complaint. (*See* Doc. 1.) Although Count I of the complaint states that it is for "Title VII violations," the allegations in the complaint make clear that it is meant to raise a hostile work environment claim. *See, e.g.*, Doc. 1, ¶ 24 ("During the course of her employment, Dean Scott Richardson perpetuated a hostile and discriminatory workplace for Plaintiff as a 64-year-old African American female."); *id.* ¶ 34 ("Richardson continues to create a toxic hostile workplace environment with intimidation and vicarious bullying tactics. . . ."); *cf. Two Two* 2020 WL 5370039, at *7 (construing identically labeled claim of "Title VII violations" as exclusively raising a race discrimination claim because

nothing in the complaint made "any mention—let alone a claim—of a hostile work environment, retaliation, or negligence.").

Furthermore, the fact that a hostile work environment claim has been raised does not automatically imply that a plaintiff has also raised a disparate treatment or retaliation claim, as all three are distinct legal claims that require different proof. *See, e.g.*, *Two Two* 2020 WL 5370039, at *7; *Rospendowski v. Columbia Cty. Sheriff*, No. No. 4:16-CV-00526, 2020 WL 5602967, at *3 (M.D. Pa. Sept. 18, 2020) ("Disparate treatment claims and hostile work environment claims are distinct from one another and are based on different legal theories."). Accordingly, Bloomsburg is entitled to summary judgment as to any retaliation claims and any claims based on Achebe's termination, as no such claims were raised in Achebe's complaint.

### D. Defendant Is Entitled to Summary Judgment as to Achebe's Hostile Work Environment Claim

To succeed on a hostile work environment claim under Title VII, a plaintiff must establish that: (1) the plaintiff suffered intentional discrimination because of her membership in a protected class; (2) the discrimination was pervasive or severe; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would have detrimentally affected a reasonable person of the same protected class; and (5) the defendant is vicariously liable for the discrimination.

*Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013); *Carver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005).

In this case, Bloomsburg argues that it should be granted summary judgment as to Achebe's hostile work environment claim because there is no evidence of intentional discrimination based on race or sex, because Bloomsburg cannot be held vicariously liable for Richardson's actions in creating any hostile work environment, and because the circumstances would not detrimentally affect a reasonable person in Achebe's position. (Doc. 41, pp. 4–10.) Bloomsburg further argues that it is entitled to summary judgment under the *Faragher-Ellerth* defense[1] because it did not knowingly permit a hostile work environment and because it took reasonable steps to investigate and remediate any alleged harassment. (*Id.* at 10–14.)

Achebe argues that there is sufficient evidence for her hostile work environment claim to go to trial based on a complaint that she made to Bloomsburg officials in 2017 about Richardson's behavior. (Doc. 46.)[2] Achebe also argues that she can establish that she was subjected to a hostile work environment based

---

[1] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

[2] The text of the 2017 complaint is attached as an exhibit to Achebe's brief and is docketed at Doc. 46-15, pp. 48–52.)

on sex because two of her coworkers, Karen Hammond and Theresa Bloskey, had made complaints to Bloomsburg about the way Richardson treated women in the office.  (*Id.* at 10.)

Having reviewed the parties' arguments, the court will grant Bloomsburg's motion for summary judgment as to the hostile work environment claim for several reasons.  First, the only evidence Achebe offers to support her claim that she was subjected to a hostile work environment based on race is her 2017 complaint to Bloomsburg officials, but that complaint constitutes hearsay and hearsay evidence can only be considered on a motion for summary judgment if it is "capable of admission at trial."  *Shelton v. Univ. of Medicine & Dentistry of N.J.*, 223 F.3d 220, 226 n.7 (3d Cir. 2000) (citing *Steelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc.*, 63 F.3d 1267, 1275 n.17 (3d Cir. 1995)).  Plaintiff has not identified any exception to the hearsay rule that would render this hearsay evidence capable of admission at trial.

Second, even assuming that the 2017 complaint could be admitted at trial, it does not establish that Achebe suffered any pervasive or severe discrimination.  The actions that Richardson allegedly took—undermining Achebe's decisions, using a demeaning tone, and deliberately misinterpreting Achebe's statements—simply do not rise to the level of severe or pervasive discrimination.  *See Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)

("Title VII . . . does not set forth 'a general civility code for the American workplace. . . .' An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998))).

Third, there is no evidence that any discrimination Achebe suffered was because of her race. The only evidence Achebe offers to prove that she suffered discrimination based on race is her 2017 complaint, which Achebe characterizes as a complaint that "Richardson was neither nor [sic] disrespectful to anyone else," that Achebe "was the only black Director supervised by Richardson and everyone else was white" and that "Richardson did not speak to white employees in the same hostile and disrespectful way, that he spoke to her." (Doc. 46, p. 9.) The actual text of the 2017 complaint, however, does not support Achebe's characterization. Although Achebe complained in 2017 of adverse treatment from Richardson, nowhere in the 2017 complaint did she indicate in any way that she suffered that adverse treatment because of her race or that she was treated differently from her white coworkers on the basis of race. (*See* Doc. 46-15, pp. 48–52.) Accordingly, the 2017 complaint does not support the conclusion that Achebe suffered discrimination based on race.

Achebe's claim that she was subjected to a hostile work environment on the basis of sex also fails. The only evidence Achebe offers to support this claim is that two *other* women—Karen Hammond and Theresa Bloskey—had complained about Richardson's treatment of them. (*See* Doc. 46, p. 10.) Achebe has not produced any evidence that she herself was subjected to a hostile work environment on the basis of sex.

### E. Defendant Is Entitled to Summary Judgment as to Achebe's § 1981 Claim

Finally, the court will address Achebe's claim under 42 U.S.C. § 1981. Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."

Defendant argues that it should be granted summary judgment as to Achebe's § 1981 claim because Achebe "does not complain about any injury stemming from her contract with Bloomsburg." (Doc. 41, p. 15.) Achebe argues to the contrary that she has properly raised a § 1981 claim because she was terminated based on her race. (Doc. 46, p. 15.) As noted above, however, there are no allegations in the complaint pertaining to Achebe's termination from Bloomsburg. (*See generally* Doc. 1.) Accordingly, the court will grant Bloomsburg's motion for summary judgment as to the § 1981 claim.

## CONCLUSION

For the foregoing reasons, Bloomsburg's motion for summary judgment is granted. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 10, 2021